*Karim v. N.Y.C. Health & Hosps. Corp., et al.*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand twenty-one.

PRESENT:    JOSÉ A. CABRANES,
            GERARD E. LYNCH,
                        *Circuit Judges,*
            VICTOR MARRERO,
                        *District Judge.*[*]

---

SYED MOHAMMAD AFTAB KARIM, M.D., F.A.A.N.S.,

                *Plaintiff-Appellant,*                20-2109-cv

        v.

NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, LINCOLN HOSPITAL AND MENTAL HEALTH CENTER, MELISSA P. SCHORI, M.D., individually and in her capacity as Chief Medical Officer of Lincoln Hospital and Mental Health Center, JAY YELON, D.O., individually and in his capacity as Chairman of Surgery of Lincoln Hospital and Mental Health Center, ROSS WILSON, M.D., individually and in his capacity as Chief Medical Officer of New York Health and Hospitals

---

[*] Judge Victor Marrero, of the United States District Court for the Southern District of New York, sitting by designation.

Corporation, MARK HARTMAN, ESQ., individually and
in his capacity as Deputy Counsel for New York
Health and Hospitals Corporation,

*Defendants-Appellees*,

FOR PLAINTIFF-APPELLANT:

EVAN MANDEL (Donald Conklin, *on the briefs*), Mandel Bhandari LLP, New York, NY.

FOR DEFENDANTS-APPELLEES:

BARBARA GRAVES-POLLER, Assistant Corporation Counsel, (Richard Dearing, Jeremy W. Shweder, *on the brief*) *for* James E. Johnson, Corporation Counsel of the City of New York, New York, NY.

Appeal from March 6, 2019 and June 4, 2020 orders of the United States District Court for the Southern District of New York (Analisa N. Torres, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the District Court be and hereby are **AFFIRMED**.

Plaintiff-Appellant Syed Mohammad Aftab Karim ("Karim"), a neurosurgeon who describes himself as a Muslim of Indian appearance and ethnicity, appeals the District Court's order of March 6, 2019 ("March 6 Order"), which dismissed Karim's Second Amended Complaint ("SAC") against Defendants-Appellees New York City Health and Hospitals Corporation ("NYCHHC"), Lincoln Hospital and Medical Health Center (the "Hospital"), Melissa P. Schori, Jay Yelon, Ross Wilson, and Mark Hartman (collectively, "Defendants") pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Karim failed to state a due process or equal protection claim under 42 U.S.C. § 1983 ("Section 1983") or an employment discrimination claim under the New York City Human Rights Law, Administrative Code § 8-101 *et seq.* ("NYCHRL"). Karim also appeals the District Court's order of June 4, 2020 ("June 4 Order"), which adopted in its entirety the magistrate judge's March 25, 2019 Report and Recommendation ("Magistrate Judge's Report") advising the District Court to deny as futile Karim's request for leave to file his proposed Third Amended Complaint ("TAC"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In the March 6 Order, the District Court held that Karim's due process claim failed because Karim did not adequately allege that the Hospital's refusal to grant him clinical privileges interfered with a constitutionally cognizable property right or liberty interest, and that his equal protection and

state-law discrimination claims failed because Karim alleged no facts suggesting that his ancestry, ethnicity, national origin, or religion motivated the denial of privileges. In the June 4 Order, the District Court determined that neither the TAC nor supplementary pleadings Karim proposed in his Objections to the Magistrate Judge's Report would cure the deficiencies in the SAC, and therefore denied as futile Karim's request for leave to replead.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6) . . . ." *Miller v. Metro. Life Ins. Co.*, 979 F.3d 118, 121 (2d Cir. 2020) (quotation marks omitted). We also review *de novo* a denial of leave to amend based on futility. *Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011).

We agree with the District Court that the SAC fails to state any claims for relief against any of the Defendants. We also agree that granting leave to replead would be futile. Karim's arguments to the contrary on appeal are without merit. Therefore, substantially for the reasons stated by the District Court in the March 6 Order and the June 4 Order, we **AFFIRM** in their entirety the orders of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3